UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br>LAKE AT LAS VEGAS JOINT VENTURE LLC, et al.,<br>Jointly Administered Reorganized Debtors. | Appeal from Case No. BK-S-08-17814 MKN Et al. |
| CREDIT SUISSE,<br>                Appellant(s),<br>    v.<br>LARRY LATIG,<br>               Appellee(s). | Case No. 17-CV-1975 JCM<br><br>ORDER |

Presently before the court is appellants Credit Suisse AG (Cayman Islands Branch) and Credit Suisse Securities (USA) LLC's motion for leave to appeal memorandum decision and order regarding indemnification obligations and supplemental order thereto. (ECF No. 20). Appellee Larry Lattig, acting as creditor trustee of the LLV Creditor Trust, filed a consent response (ECF No. 23), to which interested parties Claymore Holdings, LLC, Highland Floating Rate Opportunities Fund, and NexPoint Credit Strategies Fund joined (ECF No. 24).

**I.    Facts**

The parties are familiar with the facts of the case and the underlying bankruptcy court orders, and appellee does not dispute appellants' description thereof, which is contained in appellants' motion. *See* (ECF No. 20).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

28 U.S.C. § 158(a)(1) grants federal district courts jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy courts. *Id.* Subsection (a)(3) of § 158 provides that district courts shall have jurisdiction to hear appeals concerning interlocutory orders and decrees "with leave of the court." *Id.*

Determination of finality is "different in bankruptcy" as cases often aggregate individual controversies, and "Congress has long provided that orders in the bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015); (citing *Howard Delivery Svc., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)). When orders do not finally dispose of discrete issues within the larger case, courts may grant leave to appeal "if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Price*, 79 B.R. 888, 889 (9th Cir. B.A.P. 1987) (citing 28 U.S.C. § 1292(b)).

## III. Discussion

Appellants present four questions on appeal:

(1) Whether the Bankruptcy Court erred in determining that Hooper applies to the Indemnification Clause for claims between Indemnitees regardless of whether such Indemnitees are parties to the 2007 Credit Agreement;
(2) Assuming that the Court properly determined that Claymore was a party to the 2007 Credit Agreement for purposes of Hooper, whether the Bankruptcy Court erred in determining under Hooper that the language of the Indemnification Clause was insufficiently unequivocal to apply to claims between parties to the 2007 Credit Agreement;
(3) Whether the Bankruptcy Court erred in determining that Hooper applies to limit the Indemnification Clause where the Borrowers are not parties to the Claymore Litigation; and
(4) Whether the Bankruptcy Court erred in concluding that Pre-Petition Lenders who failed to timely object to Phase I of the Indemnification Motion by the objection deadline imposed by the Bankruptcy Court are permitted to object to the amount of Credit Suisse's Indemnification Claims in Phase II.

(ECF No. 20 at 17).

Appellants contend that each of the questions presented upon appeal involves controlling issues of law to which there are substantial bases for differences of opinion. (ECF No. 20).

James C. Mahan
U.S. District Judge

- 2 -

Appellants further contend that resolution of these questions of law will materially advance the ultimate termination of the litigation. (ECF No. 20). Although appellees disagree with the conclusions offered by appellants on the questions presented, appellees agree that the questions presented meet the standard articulated above for appellate review. (ECF No. 23).

Upon review, the court agrees with the parties. Although the orders are not final orders, the questions presented involve controlling issues of law to which there are substantial bases for differences of opinion. Resolution of questions regarding the indemnification clause will materially advance the ultimate termination of the litigation. Therefore, the court will grant leave to appeal the bankruptcy court decision, order, and supplemental order. *See In re Price*, 79 B.R. at 889.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that appellants' motion for leave to appeal (ECF No. 20) be, and the same hereby is, GRANTED.

DATED November 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -